**William A. MONCRIEF,**
**Plaintiff–Appellant,**

v.

**Michael P. STONE, Secretary of the**
**Department of the Army,**
**Defendant–Appellee.**

**No. 91–1961.**

United States Court of Appeals,
Sixth Circuit.

Argued March 23, 1992.

Decided April 13, 1992.

Robert J. McQuade, Southfield, Mich. (argued and briefed), for plaintiff-appellant.

Peter A. Caplan, Asst. U.S. Atty., Detroit, Mich. (argued and briefed), for defendant-appellee.

---

Before: JONES, GUY, and BATCHELDER, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff, William Moncrief, appeals from the dismissal of his Title VII employment discrimination suit. The basis for dismissal was plaintiff's admitted failure to serve the United States Attorney a copy of the summons and complaint within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(d)(4) and (j).

After a review of the record, we affirm.

The plaintiff, a black male, was a civilian employee of the United States Department of the Army. Alleging race discrimination in work conditions and a discriminatory failure to promote, Moncrief filed a Title VII action after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). Since the named defendant was Michael P. Stone, Secretary of the Department of the Army, it was necessary that proper service of the summons and complaint be in accordance with the provisions of Fed.R.Civ.P. 4(d)(4) and (5):

**Summons and Complaint: Person to be Served.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

. . . .

(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

There is no dispute that plaintiff complied with the provisions of Rules 4(d)(4) and (5). However, Rule 4(j) requires:

**Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Moncrief complied in a timely[1] manner with the service requirements for the Secretary of the Army and the Attorney General of the United States (registered mail), but failed to serve the United States Attorney for the Eastern District of Michigan within 120 days. The defendant moved for dismissal after taking the deposition of Moncrief's attorney.

Under these circumstances, Rule 4(j) compels the dismissal of the complaint unless good cause can be shown. In the district court, plaintiff really offered no reason for the late service. Instead, he argued that the defendant did not file the motion as quickly as possible and that the government was not prejudiced by the delay since service was made in a timely manner on the one named defendant, Michael P. Stone. In his appeal brief, plaintiff argues that he waited as long as he did

---

**1.** The service, although timely, was made on the last day allowable under the rule.

because the case was complicated and he was waiting to see if other causes of action should be joined. At the time, plaintiff had other claims of discriminatory treatment working their way through the applicable administrative procedures.

Perhaps realizing that no good cause for the late service has been shown, plaintiff's reliance before this court is primarily upon equitable considerations—the named defendant was served and the government makes no claim of prejudice. However, we have held that "Rule 4(j) renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause[.]" *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir.1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987).

Although plaintiff does not frame his argument in precisely these terms, he is, in effect, arguing that the phrase "good cause" should be read expansively to include all cases in which a defendant is not prejudiced. We know of no court which has accepted this argument, and we decline to do so. Where considerations other than excusable neglect were offered to ward off a Rule 4(j) dismissal, the Fifth Circuit stated: "We note that by the terms of Rule 4(j), its 'good cause' exception relates only to 'why such service was not made within the [120–day] period.' It does not relate to *other* reasons why the action should not be dismissed." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985) (emphasis in original). The court went on to state:

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence

or mistake of counsel or ignorance of the rules usually does not suffice....

*Id.* at 1306 (emphasis in original).

Plaintiff's best argument is derived from the holding in *Zankel v. United States*, 921 F.2d 432 (2d Cir.1990). Since plaintiff relies so heavily on *Zankel*, a recitation of its facts is justified. The plaintiff, Joyce Zankel, slipped and fell in a United States Post Office. She filed an administrative claim for damages as required, and when her claim had not been acted upon within six months, she filed suit as authorized. 28 U.S.C. § 2675(a). The United States was the only named defendant. Pursuant to Rule 4(d)(4), Zankel served the United States Attorney personally within 120 days and claims to have timely served the Attorney General by registered mail. The United States denied receiving any service by mail and filed a motion to dismiss *after the statute of limitations had expired* on Zankel's claim. The district court held a hearing and resolved the factual dispute as to the registered mail service in favor of the government. Dismissal followed.

The court of appeals reversed, basing its holding, at least in part, on the fact that the United States Attorney had been served personally in a timely manner and no prejudice to the government had been shown. The opinion in *Zankel* starts out by unequivocally stating the principle that "[u]nder ordinary circumstances" dismissal of an action for failure to comply with Rule 4(j) "is mandatory ... unless 'good cause' can be shown." 921 F.2d at 436 (citation omitted). The court goes on to state, however, that "the circumstances of this case are not ordinary." *Id.* It is clear from the balance of the opinion that the principal factor taking the case out of the ordinary was the fact that the government waited until the statute of limitations had run before showing its hand.[2] The court stated:

---

2. Further evidence that the key factor in *Zankel* was government "sandbagging" can be found in *Frasca v. United States*, 921 F.2d 450 (2d Cir. 1990), an opinion that issued five days after *Zankel* and concurred in by the same judge that authored *Frasca*. In *Frasca*, the court stated in note 1:

> Nonetheless, in the present case, just as in *Zankel*, the record suggests that the government intentionally waited until the expiration

of the statute of limitations before bringing its motion to dismiss for untimely service. While this kind of government conduct by *itself* does not constitute grounds for denying such a motion under Rule 4(j), we join the panel in *Zankel* in believing that such conduct should not be encouraged and we regard it as contrary to the purpose of securing "the just, speedy and inexpensive determination of every action[.]" Fed.R.Civ.P. 1.

[T]he government actually lulled plaintiffs into believing that their mailing to the Attorney General in April 1989 constituted satisfactory service. If, within the statute of limitations period, the government had made its motion to dismiss for untimely service, plaintiffs could have sought—and probably obtained—the district court's permission under Rule 41(a) to voluntarily dismiss their action, and then refiled their complaint with proper service....

*Zankel*, 921 F.2d at 437. Such is not the case here. The government filed its motion to dismiss less than 90 days after the initial service by registered mail on the defendant. Since under 42 U.S.C. § 2000e–16(c), a claimant has only 30 days to file suit, this would present an unreasonably short time for the United States Attorney's office to act, particularly since it often takes longer than that for the United States Attorney to receive the authorization to represent the agency head named as a defendant.

The *Zankel* court also relied on the decision in *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982).[3] Several things need to be said about *Jordan*. First, it was decided in 1982, before the current wording of Rule 4 went into effect. Second, the timeliness of service was not at issue in *Jordan*, so the "good cause" language of Rule 4(j) was not implicated. Third, the plaintiff did everything in a proper manner, but the United States Marshal served the Attorney General rather than the United States Attorney.

The most important limitation on *Zankel*, however, comes from the pen of the same judge who authored that case. In *McGregor v. United States*, 933 F.2d 156 (2d Cir.1991), Judge Feinberg wrote:

Plaintiff's argument rests on an excessively broad construction of the scope of the *Zankel* decision. In *Zankel*, we did

not hold as a general proposition that even if a plaintiff lacks a justifiable excuse for failure to serve properly the plaintiff is entitled to relief from dismissal as long as the other three factors of the *Jordan* analysis are satisfied. Rather, *Zankel* stands for a much narrower proposition, namely, that lack of justifiable excuse does not absolutely preclude relief from dismissal if there is evidence that the government also bears substantial responsibility for causing the defect in service. The decision in *Zankel* was based on the court's view that the government had engaged in an "apparently deliberate attempt to secure the demise of plaintiffs' claims" by lulling plaintiffs into believing that they had successfully cured their service defect while holding in abeyance its own motion to dismiss until after the expiration of the statute of limitations. It was precisely this determination that made it possible to apply the *Jordan* exception notwithstanding plaintiffs' lack of justifiable excuse.

*Id.* at 161 (citations omitted). In short, *Zankel*, as later explained by its original author, does not support plaintiff's claim for relief here.

Finally, we do not find it necessary to indicate our support for or rejection of *Zankel*, since we deem it not dispositive of the issue presented under the facts here. We do note in closing, however, the following words of wisdom from the Supreme Court. "[W]e should seek to interpret the Rules neither liberally nor stingily, but only, as best we can, according to their apparent intent." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 319, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988) (Scalia, J., concurring in the judgment).

921 F.2d at 453.

**3.** *Jordan* set out a four-part test to be applied in factual situations that arguably called for equitable relief from a Rule 4 dismissal. The four factors are:

If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical

defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then courts should *not* read Rule 4(d)(4) *so rigidly as to* deny plaintiffs relief from dismissal.

*McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991) (citing *Jordan*, 694 F.2d at 836).

In sum, we conclude that the plaintiff has failed to demonstrate good cause for his failure to comply with Fed.R.Civ.P. 4(j).[4]

AFFIRMED.

---

**4.** This result is consistent with our holding in *Friedman v. Estate of Presser,* 929 F.2d 1151 (6th Cir.1991), and *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26 (6th Cir.1987), although neither of these cases dealt specifically with Fed.R.Civ.P. 4(j).