989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joselyn I. STEWART, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, U.S. Postal Service,
Defendant-Appellee.
 No. 92-5967.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Joselyn Stewart, a pro se litigant, appeals from an order of the district court dismissing her civil rights action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stewart's complaint was dismissed when she failed to perfect service. Relying upon Moncrief v. Stone, 961 F.2d 595 (6th Cir.1992), the district court concluded that Stewart's claim must be dismissed as she had not shown good cause for her failure to perfect service. Upon consideration, we affirm the district court's dismissal of Stewart's action.
 
 
 3
 Federal Rule of Civil Procedure 4(d) prescribes the manner in which service must be made. When service is to be made upon an officer of the United States, as in this case, service is perfected "by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer...." Fed.R.Civ.P. 4(d)(5). Service is made upon the United States "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States...." Fed.R.Civ.P. 4(d)(4). An action "shall be dismissed" if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period...." Fed.R.Civ.P. 4(j).
 
 
 4
 It is undisputed that Stewart did not serve the United States until after the 120-day time period had expired. We agree with the district court that Stewart did not show good cause for her failure to perfect service. Therefore, "Rule 4(j) compels the dismissal of [Stewart's] complaint...." Moncrief, 961 F.2d at 596.
 
 
 5
 Accordingly, the order of the district court dismissing Stewart's complaint is affirmed, and her request for appointment of counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.