993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
Richard WALTER, et al., Defendants-Appellees.
 No. 92-1869.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Rodney Branham is a pro se Michigan prisoner who appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Branham alleged that the defendants violated his First Amendment rights by interfering with a prison grievance. He also alleged that the defendants violated his rights under the Eighth Amendment by denying him prescribed treatments for a mental disorder and for malnutrition. On August 23, 1991, the district court adopted a magistrate judge's recommendation and dismissed the complaint as to defendants Fowler and Gibson. The court also awarded summary judgment to the remaining defendants. It is from this judgment that Branham now appeals.
 
 
 3
 Upon de novo review, we affirm the district court's judgment for the reasons well-stated in the magistrate judge's report and recommendation entered August 7, 1991. The court did not abuse its discretion by dismissing Fowler and Gibson because Branham had not shown good cause for his failure to serve them with the complaint. See Fed.R.Civ.P. 4(j); Moncrief v. Stone, 961 F.2d 595, 598-99 (6th Cir.1992). The remaining defendants were properly awarded summary judgment on Branham's First Amendment claims because he did not have a constitutionally protected interest in the prison's grievance procedure. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). Summary judgment was also proper on Branham's Eighth Amendment claims because the defendants were not deliberately indifferent to his serious medical needs. See Branham v. Brown, No. 88-1926 (6th Cir. Apr. 17, 1989) (unpublished order) (psychiatric care); United States v. Michigan, 680 F.Supp. 270, 275 (W.D.Mich.1988) (dietary restrictions).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.