9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward J. ANDRESS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Defendant-Appellee,
Leonard Adams, Defendant.
 No. 93-3391.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 1
 Before: JONES and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Edward Andress, a pro se litigant, appeals a district court judgment dismissing, without prejudice, his appeal from a decision of the Merit Systems Protection Board affirming Andress's removal from United States Postal Service employment. The defendant has filed a motion to strike part of Andress's brief, and Andress has responded to the motion. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Andress's suit was originally brought against United States Postal Service and four of its employees. Subsequently, Andress voluntarily dismissed the four employees, and, on August 13 and 14, 1992, Andress filed amended complaints. Andress certified that copies of the amended complaints were sent by regular mail to the United States Attorney's Office in Cincinnati and to the United States Postal Service Appeals Review Section in Philadelphia. Andress also certified that copies of the complaints had been delivered by hand to the United States Postal Service in Cincinnati.
 
 
 4
 On August 21, 1992, the Department of Justice filed a "suggestion of improper service and summons," stating that Andress had failed to effect proper service of process on the defendant. On November 6, the magistrate judge issued an order to show cause, stating that it was construing the defendant's "suggestion of improper service" as a Fed.R.Civ.P. 12(b)(5) motion to dismiss brought on the grounds of insufficiency of service of process. The magistrate judge ordered Andress to file, within twenty-one days, a memorandum in opposition to the defendant's motion. Andress was advised that, in the event that he did not file such a memorandum, the order would constitute an order to show cause and Andress's complaint would be dismissed for lack of prosecution. Andress's response to the defendant's motion stated that, on September 25, he served the U.S. Attorney's Office with a sealed summons and a copy of the complaint. Andress attached a copy of a summons, but that copy does not indicate to whom it was sent.
 
 
 5
 On December 8, the magistrate judge issued an order advising Andress that he had yet to effect proper service of process upon the defendant. Andress was further advised that, under Fed.R.Civ.P. 4(d)(5), he was required to serve both the United States, as explained in Fed.R.Civ.P. 4(d)(4), and the Postal Service. Attached to the order was a copy of Fed.R.Civ.P. 4. Andress was ordered to properly serve the United States Postal Service within twenty days of his receipt of the order and to provide the court with proof of service within thirty days. A ruling on the defendant's motion to dismiss was stayed. Andress was advised that, if he failed to comply with the order, the defendant's motion would be granted and Andress's action dismissed.
 
 
 6
 On December 23, Andress filed a "notice of bona fide attempt to serve process on the United States Postal Service." In that document, Andress stated that, on December 16, he sent by certified mail, with return receipt, a copy of a summons and complaint to the Postmaster General in Washington, D.C.
 
 
 7
 Subsequently, the magistrate judge's report and recommendation determined that Andress had not effectuated service of process and that he had not shown good cause to excuse his failure. It was recommended that the defendant's motion to dismiss be granted and that Andress's complaint be dismissed without prejudice. Over Andress's objections, the district judge adopted the report and recommendation.
 
 
 8
 Pursuant to Fed.R.Civ.P. 4(d)(5), service of process shall be made upon an agency of the United States "by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such ... agency." Service of process is made upon the United States "by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States...." Fed.R.Civ.P. 4(d)(4). Service of the summons and of the complaint must be made within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(j). If service of process is not made within 120 days, "the action shall be dismissed" without prejudice unless "good cause" can be shown as to why service was not made within the required time. Id. Absent a showing of good cause, Rule 4(j) mandates that the case be dismissed. Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992).
 
 
 9
 Upon review, we affirm the judgment of the district court. Andress failed to perfect service of process on the Attorney General within 120 days of the filing of his complaint, and there was no good cause shown for this failure. Therefore, his complaint was properly dismissed.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to strike is denied as moot.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation