25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dona HALL, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Defendant-Appellee.
 No. 94-3032.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Dona Hall, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. Sec. 2000e (Title VII). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Hall sued the Postmaster General of the United States alleging that she was improperly terminated from her employment with the postal service because of her race and sex. Hall asserted that her termination was also in retaliation for prior EEO complaints. The defendant moved to dismiss the complaint for failure to properly serve the United States Attorney for the Southern District of Ohio as required by Fed.R.Civ.P. 4(d)(4). Although Hall opposed the motion, the district court concluded that Hall had not properly perfected service upon the United States Attorney and dismissed the complaint without prejudice.
 
 
 3
 In her timely appeal, Hall essentially argues that the district court abused its discretion in dismissing her complaint because her failure to serve the United States Attorney was due to good cause and excusable neglect. She requests oral argument.
 
 
 4
 We review the district court's dismissal of Hall's complaint for improper service of process under the abuse of discretion standard. See Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Hall's complaint without prejudice. Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal. Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992); Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir.1991); United States v. Gluklick, 801 F.2d 834, 837 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987). Hall bears the burden of establishing good cause. Fed.R.Civ.P. 4(j); Friedman, 929 F.2d at 1157. Good cause necessitates a demonstration of why service was not made within the time constraints of Rule 4(j). Moncrief, 961 F.2d at 597. The determination of good cause is left to the sound discretion of the district court. Friedman, 929 F.2d at 1157. An abuse of discretion exists only when the reviewing court is certain that a mistake was made. Laney v. Celotex Corp., 901 F.2d 1319, 1321 (6th Cir.1990). Hall has not establish good cause to excuse her failure to timely serve the United States Attorney as required by Fed.R.Civ.P. 4(d)(4) and 4(j). Her attorney's failure to serve the United States Attorney and her ignorance of the service requirements of Rule 4 do not establish good cause to excuse her neglect. Moncrief, 961 F.2d at 597.
 
 
 6
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.