81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Carl KATSCHOR, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 94-2261.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Paul Katschor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his original complaint, Katschor sued numerous employees for several Michigan Department of Corrections (MDOC) facilities, including two former directors (Brown and Johnson) of the MDOC, a former warden (Anderson) and deputy warden (Shoals) of the State Prison of Southern Michigan (SPSM), and the director of outpatient services (Tien) of the Charles Egeler Correctional Facility (CECF). The district court granted summary judgment in favor of defendant Brown. Thereafter, Katschor added a psychiatrist (Minter) employed at SPSM as a defendant. In addition, Katschor filed a motion to amend his complaint, dismissing some defendants and adding several others, including a corrections officer (Vieta), a director of treatment (Houseworth), a deputy warden (Phillips) at SPSM, as well as a psychiatrist (Folkema), a nurse (Clark) and a doctor (Bort) all employed at the Riverside Correctional Facility (RCF). In its order granting leave to amend, the district court appears to have mistakenly believed that Katschor wished to dismiss defendant Minter, and expressly dismissed him with prejudice. Essentially, Katschor alleged that the defendants were deliberately indifferent to his serious psychological needs on numerous occasions during a 16 year period, and that they violated his right to due process by punishing him for rules violations. Katschor sought monetary and equitable relief, and sued the defendants in their individual and official capacities.
 
 
 3
 Upon review of the defendants' motion to dismiss or in the alternative for summary judgment and Katschor's response, a magistrate judge filed a report recommending that the district court dismiss Katschor's request for equitable relief as moot, grant summary judgment on some of Katschor's claims, and dismiss the complaint against defendants Folkema, White and Bort for lack of service of process. Katschor filed objections, but he did not specifically object to the dismissal of his claims against defendants Brown and Johnson. Over Katschor's objections, the district court adopted the magistrate judge's recommendation and granted summary judgment in favor of defendants Anderson, Shoals, Vieta, Houseworth, Phillips, Clark and Tien, and dismissed Katschor's claims against defendants Brown, Johnson, Minter, Folkema, White and Bort.
 
 
 4
 Katschor has filed a timely appeal, essentially reasserting his same claims.
 
 
 5
 For the following reasons, we conclude that the district court properly disposed of Katschor's complaint.
 
 
 6
 The district court properly dismissed defendants Folkema, White and Bort for lack of service of process. See Pierce v. Underwood, 487 U.S. 552, 558-59 & n. 1 (1988). The order dismissing the parties, pursuant to Fed.R.Civ.P. 4(j), was filed on October 4, 1994, after the new Rule 4(m) became effective on December 1, 1993. However, dismissal was appropriate under either version of the rule because the record does not indicate that service of process was ever effected. See Fed.R.Civ.P. 4(m); Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992).
 
 
 7
 The district court properly dismissed Katschor's claims against defendants Brown and Johnson because he did not specifically object to the recommended disposition of his complaint against these defendants. A party must file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections have been filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interests of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), Katschor has not presented any reason for doing so in this case.
 
 
 8
 We affirm the district court's order dismissing defendant Minter for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). Even if the court accepts Katschor's allegations as true, Minter is still entitled to judgment as a matter of law because Katschor can prove no set of facts in support of his claim that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Katschor's allegations that Minter refused to prescribe him medication following his initial interview/examination and that Minter subsequently released Katschor from the SPSM psychiatric unit even though Katschor still exhibited psychotic symptoms does not establish that Minter was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Assertions of malpractice or mere negligence do not entitle a plaintiff to relief. See Id. at 105-06. In addition, when a claim involves a difference of opinion between the plaintiff and his doctor regarding the plaintiff's diagnosis and treatment, no claim is stated. Id. at 107.
 
 
 9
 The district court properly granted summary judgment in favor of the remaining defendants. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), cert. denied, 114 S.Ct. 609 (1993).
 
 
 10
 The defendants were not deliberately indifferent to Katschor's psychological needs. See Estelle, 429 U.S. at 104. Even if the court accepts Katschor's allegations as true, the defendants are still entitled to judgment as a matter of law because Katschor can prove no set of facts in support of his claim that would entitle him to relief. See Meador, 902 F.2d at 475. Katschor's allegations constitute mere assertions of malpractice or negligence, and do not entitle him to relief. Estelle, 429 U.S. at 105-06. The record clearly establishes that defendant Tien had treated Katschor's mental problems. In addition, Katschor's allegations concerning proper procedures merely concern the type/quality of treatment. Even if defendant Tien had improperly prescribed and monitored Katschor's medication, Katschor's claim simply constitutes a claim of medical malpractice. Likewise, Katschor is not entitled to relief concerning his allegations that defendant Clark had improperly reported that Katschor had no medical problems that would be aggravated by detention and that defendant Houseworth had improperly signed a transfer order indicating that Katschor posed a suicide risk.
 
 
 11
 Finally, the defendants did not violate Katschor's due process rights. Even if the court accepts Katschor's allegations as true, the defendants are still entitled to judgment as a matter of law because Katschor can prove no set of facts in support of his claim that would entitle him to relief. See Meador, 902 F.2d at 475. Katschor has not established that the conditions set up by the defendants imposed an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 12
 First, it is not disputed that Katschor committed the behavior which led defendant Vieta to file a misconduct report against him. Rather, he merely appears to argue that the defendants improperly reclassified him, placed him in segregation and transferred him. Second, Katschor does not specify any particular manner that the defendants violated his due process rights, nor does he dispute that he received hearings in connection with the defendants' actions. He also does not describe any punishment or confinement which establishes that the defendants involuntarily transferred him to confinement "qualitatively different" from the punishment characteristically suffered by a person convicted of a crime and resulting in "stigmatizing consequences." Id. at 2297 n. 4. Finally, Katschor received all the process due him as he does not dispute that he received hearings concerning the misconduct reports, and a hearing concerning his reclassification. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988).
 
 
 13
 For the foregoing reasons, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.