**Dale G. BECKER, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al.,
Defendants–Appellees.**

**No. 01–3629.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2002.

Before SUHRHEINRICH, SILER, and
BATCHELDER, Circuit Judges.

*ORDER*

Dale G. Becker, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 2, 2000, Becker filed a civil rights complaint against the following officials employed by the Ohio Department of Rehabilitation and Correction ("ODRC"): Reginald Wilkinson, director of the ODRC; Gary Mohr, former warden of the Chillicothe Correctional Institution ("CCI"); Michael Randle, current warden of the CCI; Cheryl Jorgensen–Martinez, chief inspector of the ODRC; L.C. Coval, assistant chief inspector of the ODRC; Kevin Scott, institutional inspector at CCI; Leon Payton, major in charge of security at CCI; Harvey Howison, region VI principal of the Sherman School at CCI; R.L. Davey, administrator of the Sherman School at CCI; and R.K. Fultz, instructor at the upholstery school at CCI. Relying upon the First Amendment, Becker alleged that the defendants terminated his employment at the upholstery shop in retaliation for his use of the ODRC grievance system. Becker sought monetary, declaratory, and injunctive relief.

The defendants filed a motion to dismiss and for summary judgment, to which Becker responded. A magistrate judge filed a report recommending that the defendants' motion be granted. Over Becker's objections, the district court adopted the magistrate judge's report and recommendation, granted summary judgment in favor of Fultz, and dismissed the remaining defendants from the case. Becker has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly dismissed Payton from the case for lack of service of process pursuant to Fed.R.Civ.P. 4(m). Payton was not served with a summons and copy of the complaint within 120 days after the complaint was filed, and Becker failed to demonstrate good cause for his failure to timely serve him. *See Moncrief v. Stone,* 961 F.2d 595, 596–97 (6th Cir.1992). The

district court properly dismissed Wilkinson, Mohr, Randle, Jorgensen–Martinez, Coval, Scott, Howison, and Davey from the action because Becker failed to allege that they violated any of his constitutional rights or were either personally responsible for or knowingly acquiesced in any unconstitutional conduct. The theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrs, Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir.1996); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

The district court properly granted summary judgment in favor of Fultz because Becker failed to establish a prima facie case of retaliation. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Even if Becker's allegations were sufficient to establish a prima facie case of retaliation, there is no evidence that Fultz would not have taken the same action in the absence of Becker's protected activity. *See id.* at 399.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.