Charlotte FISHER, Plaintiff–Appellant,

v.

Ted MERRYMAN; Gary Cole; Gary Don Winstead; Commonwealth of Kentucky, Transportation Cabinet, Frankfort, Kentucky; Commonwealth of Kentucky, Transportation Cabinet, Madisonville, Kentucky, Defendants–Appellees.

No. 01–6129.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

### ORDER

Charlotte Fisher, proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq., 42 U.S.C. § 1983, and state law.

Initially proceeding through counsel, Fisher sued the Kentucky Transportation Cabinet ("Cabinet"), two supervisors (Merryman and Cole), and a co-worker (Winstead) for monetary damages. Fisher, an African–American woman, asserted that: 1) the defendants subjected her to a hostile work environment; and 2) the defendants retaliated against her after she filed an EEOC charge. Fisher also raised supplemental state law claims. The defendants moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5) and (6). The district

court did so, reasoning that Fisher had not properly served the Cabinet and had failed to state a federal claim against the other defendants. The district court then declined to exercise supplemental jurisdiction over the state law claims. It is noted that Fisher properly exhausted her administrative remedies with the EEOC before filing suit.

Fisher has filed a timely appeal. She essentially reasserts her claims, brings an assortment of new claims, and contends that her counsel failed to adequately represent her.

■ As an initial matter, we decline to address any new claim raised by Fisher. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist here.

■ Upon review, we conclude that the district court did not abuse its discretion by dismissing the Cabinet for lack of proper service. *See Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (discussing former version of Fed. R.Civ.P. 4). Under federal law, service upon a state agency must be effected either "by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state...." *See* Fed.R.Civ.P. 4(j)(2). Kentucky state law provides that service upon a state agency shall be made by serving the attorney general or any assistant attorney general. *See* Ky. R. Civ. P. 4.04(6). Failure to serve the summons and complaint upon a defendant

---

* The Honorable James G. Carr, United States District Judge for the Northern District of     Ohio, sitting by designation.

within 120 days of the filing of the complaint is grounds for dismissal unless good cause is shown. *See* Fed.R.Civ.P. 4(m); *Moncrief v. Stone,* 961 F.2d 595, 596–97 (6th Cir.1992) (discussing former version of Rule 4). However, the defense of insufficiency of service of process may be waived if not raised in a responsive pleading. *See* Fed.R.Civ.P. 12(h); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (1990) (Rule 12(h)(*l*) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue or service of process. If he wishes to raise [any] of these defenses he must do so at the time he makes his first significant defensive move . . .").

Fisher argues that she properly served the Cabinet as evidenced by two affidavits from county sheriffs, and alternately, that the Cabinet waived the defense of lack of service by moving for an extension of time in which to answer the complaint.

■ Fisher failed to properly serve the Cabinet. The affidavits merely indicate that the Cabinet was served, not the Cabinet's CEO, nor the state attorney general, nor an assistant state attorney general. Furthermore, the Cabinet did not waive the defense by moving for an extension of time in which to file an answer. A motion for an extension is not a responsive pleading, and the Cabinet noted in its request that it may not have been properly served. Despite notice of insufficiency of service, Fisher did not attempt to serve the Cabinet again and thus did not serve the Cabinet within 120 days from filing her complaint. Fisher has failed to show good cause for failing to do so and any error by her counsel is no excuse. *See Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985).

■ Upon de novo review, we conclude that the district court properly dismissed the Title VII claims against Merryman, Cole, and Winstead for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). Title VII actions simply may not be brought against employees and supervisors in their individual capacities. *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997).

■ Next, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims after dismissing the federal claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Soliday v. Miami County,* 55 F.3d 1158, 1164–65 (6th Cir. 1995).

■ Finally, we decline to address the merits of Fisher's argument that counsel did not adequately represent her as there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See, e.g., Friedman v. Arizona,* 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir. 1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *Friedman,* 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *Glick,* 855 F.2d at 541.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.