Bobby TINES, Chester Clardy, Harold Washington, Christopher Johnson, Plaintiffs,

v.

PEPSIAMERICAS, INC., Shronda Reed, Steve Smith, Defendants.

No. 09–2114–STA.

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 8, 2010.

James R. Mulroy, II, Whitney Fogerty, Jackson Lewis LLP, for Defendant.

Wanda Abioto, for Plaintiffs.

## ORDER GRANTING DEFENDANT PEP-SIAMERICAS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE

S. THOMAS ANDERSON, District Judge.

Before the Court is Defendant PepsiAmericas' Motion to Dismiss (D.E. # 5) filed on July 17, 2009. Plaintiffs filed their Response in opposition to Defendant's Motion on August 19, 2009 (D.E.# 6). Also before the Court is Plaintiffs' Motion for an Extension of Time to Perfect Service (D.E.# 7) filed on August 19, 2009. Defendant PepsiAmericas responded in opposition to Plaintiff's Motion on September 2, 2009 (D.E.# 10). For the reasons set forth below, Defendant PepsiAmericas' Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for an Extension of Time to Perfect Service is **DENIED.**

On February 27, 2009, Plaintiffs filed the underlying action (D.E.# 1) alleging unlawful employment practices based upon race, sex, and age pursuant to 42 U.S.C. § 2000e(2) and race and sex discrimination pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1991, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. Plaintiffs also assert various Tennessee state law claims such as libel, misrepresentation, fraud, and intentional interference with employment.

In the instant Motion before the Court, the Defendant asserts that Plaintiffs' Complaint should be dismissed for failure to comply with the 120–day service requirement of Fed. R.Civ.P. 4(m).[1] Rule 4(m) governs the length of time permitted for service of process and states in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service of process be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

Here, the Plaintiffs filed their Complaint on February 27, 2009. Thus, Plaintiffs had until June 29, 2009, i.e. 120 days after February 27, 2009, to effect service of process pursuant to Rule 4(m). Plaintiffs, however, did not have summons issued for Defendants PepsiAmericas, Smith, and Reed until November 23, 2009, almost nine months after filing their Complaint and well beyond the 120 day deadline. Therefore, it is undisputed that Plaintiffs failed to timely effectuate service of process. The decisive issue for this Court is whether Plaintiffs can establish good cause for failing to effectuate service within the 120 day deadline.

Plaintiffs bear the burden of establishing good cause for failure to adhere to the 120 day deadline.[3] "Good cause necessitates a demonstration of why service was not made within the time constraints ... [t]he determination of good cause is left to the sound discretion of the district court."[4] The Sixth Circuit has enumerated an excusable neglect standard to help determine whether a plaintiff shows good cause for the failure to serve a defendant on time.[5] Under this standard, the plaintiff must establish that (1) his failure to meet the deadline was a cause of neglect and (2) the failure to act was excusable.[6]

1. Defendant PepsiAmericas asserts that Plaintiffs' Complaint should be dismissed pursuant to Fed. R.Civ.P. 4(a), 4(m), 12(b)(2), 12(b)(4), 12(b)(5), and 41(b). Defendant's argument, however, primarily focuses on the timeliness of service of process pursuant to Fed.R.Civ.P. 4(m).

2. Fed.R.Civ.P. 4(m).

3. *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 520–21(6th Cir.2006).

4. *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994).

5. *Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir.2005). (plaintiff who moves to reissue sum-

monses after 120 day deadline must show failure to act was a result of excusable neglect pursuant to Fed.R.Civ.P. 6(b)(1)(B)). *See also Hyland v. Homeservices of America,* No. 3:05–cv–612–R, 2007 WL 1959161, at *3 (W.D.Ky. June 28, 2007).

6. *Turner,* 412 F.3d at 629. The Court notes that in Turner, a case involving extending the 120 day deadline for reissuing summonses, the Sixth Circuit applied the excusable neglect standard in the context of Fed.R.Civ.P. 6(b). Turner, 412 F.3d at 650. After finding the plaintiffs had not shown excusable neglect, the court ended its inquiry and held the magistrate judge did not err in refusing to extend the deadline for service. *Id.* at

Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness.[7] Here, the Plaintiffs only explanation for failing to timely serve Defendants is "calendar error." More specifically, Plaintiffs counsel contends that she "erroneously docketed" the time for service on her calendar.[8] The Court finds that "erroneously docketing" the time for service amounts to carelessness, and thus Plaintiffs have shown that their failure to timely serve Defendants was a product of neglect.

The Court finds that Plaintiffs' neglect however is not excusable. Courts consider four factors in determining whether neglect is excusable: (1) danger of prejudice to the non-moving party, (2) the length of the delay and its impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[9]

Here, the Defendants have arguably not been prejudiced by Plaintiffs failure to timely effectuate service of process. At most, as in every case, Defendants may suffer prejudice in the form of faded memories and unavailable documentation due to the delay in service. Therefore, this factor arguably weighs in favor of finding excusable neglect. The other three factors, however, weigh in the alternative.

Plaintiffs filed their Complaint on February 27, 2009. As noted above, they had until June 29, 2009, to timely effectuate service of process pursuant to Rule 4. However, to date, there is no proof on the record that Plaintiffs have effectuated service of process. Plaintiffs had summons issued for all Defendants on November 23, 2009, almost nine months after filing their Complaint (D.E.# 17, 18, 19). No return of summons however has been filed on the record. Thus, it is unclear to the Court whether service has actually been accomplished to date. As a result, the length of the delay in service is ongoing.

Additionally, Plaintiffs have only proffered an explanation for the initial delay of service. Plaintiffs contend in both their Response to the instant Motion and their Motion for an Extension of Time that the delay in service was a result of "calendaring error." Plaintiffs undisputedly learned on July 17, 2009, when Defendant filed the instant Motion, that they had failed to effectuate service of process. Therefore, Plaintiffs "calendering" explanation can only reasonably extend to the delay from February to July. Despite learning of this error, Plaintiffs did not have summons issued immediately. Instead, Plaintiffs waited more than a month to take any action at all. On August 19, 2009, Plaintiffs filed the Motion for an Extension of Time to Perfect Service that is currently before this Court. Plaintiffs then waited until November 23, 2009, to have summons issued for the Defendants and have yet to file proof of service with this Court. Therefore, the Court is at a loss as to the reason for the additional delay in service of process. As to the final factor, no evidence has been proffered that the Plaintiffs acted in bad faith. In summary, the Court finds that the first factor weighs in favor of finding excusable neglect, the second two weigh against, and the fourth is neutral. Therefore, the Court finds that taking the factors as a whole, the Plaintiffs have failed to establish that the delay in service was a result of excusable neglect. Thus, Plaintiffs have not shown

---

652. The Sixth Circuit also appears to examine good cause for extending the deadline for service solely under Fed.R.Civ.P. 4(m). *See Nafziger,* 467 F.3d at 521–22. In *Nafziger,* a case in which plaintiffs failed to serve defendants within the 120 day deadline, the Sixth Circuit did not enumerate the excusable neglect standard associated with Fed.R.Civ.P. 6 as it did in *Turner. Id.* Instead, the court simply analyzed the appropriateness of an extension under Fed, R. Civ. P. 4(m). *Id.* In this Circuit, it is a well established principle that good cause requires at least a showing of excusable neglect. *See Moncrief v.*

*Stone,* 961 F.2d 595, 597 (6th Cir.1992). Therefore, whether this Court couches its analysis in the context of Rule 4(m) or Rule 6(b), the inquiry in this Circuit appears to be the same, i.e. whether or not the plaintiff can show excusable neglect for failing to timely effectuate service.

7. *Id.*

8. Pls.' Resp. to Mot. to Dismiss, 4.

9. *Turner,* 412 F.3d at 650.

good cause for failing to timely serve Defendants.

Absent a showing of good cause, as is the case here, Rule 4(m) requires the Court to (1) dismiss the action without prejudice or (2) order that service be made within a specified time.[10] The Plaintiffs contend that this Court should exercise its discretion and extend the deadline for service because if not their employment discrimination claims will be time barred. More specifically, Plaintiffs contend that "they would be stopped from refiling their employment discrimination claims due to 90 day requirement as a jurisdictional requirements and the lack of applicability of the saving clause to extend the jurisdictional period." [11]

According to the Advisory Committee Notes to Rule 4(m), an extension of the 120 day period "may be justified for example, if the applicable statute of limitations would bar the refiled action." [12] In the present case, the Court recognizes that some of Plaintiffs' claims may be time barred if an extension for service is not granted. The Court also points out, however, that Plaintiffs have asserted various Tennessee state law claims in addition to their federal employment claims. The Court sees no reason why the state law claims would be time barred if an extension is not warranted. Therefore, the underlying action would not be totally barred as the Advisory Committee Note contemplates. Furthermore, the Advisory Committee Notes to the Federal Rules of Civil Procedure are not mandatory precedent for this Court, and even the language of the Note in question is permissive. The Advisory Committee Note to Rule 4(m) merely states an extension "may" be justified if the applicable statute of limitations would bar the refiled action. In the present case, the Court does not believe such an extension is warranted.[13]

10. Fed.R.Civ.P. 4(m).

11. Pls.'s Mot. for Extension of Time to Perfect Service, 3.

12. Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m).

Here, Plaintiffs filed their Complaint on February 27, 2009. To comply with Rule 4(m), Plaintiffs had to accomplish service on or before June 29, 2009. Plaintiffs waited approximately fifty one (51) days after service was to be completed before filing a Motion to Extend the Deadline for Service, i.e. June 29, 2009 to August 19, 2009. Even if the Court assumes that Plaintiffs were unaware that they had failed to serve the Defendants until Defendant PepsiAmericas filed the instant Motion to Dismiss, which seems unlikely, Plaintiffs waited approximately thirty two (32) days after learning of their error before filing their Motion to Extend the Deadline. To date, Plaintiffs have had summons issued for all Defendants but have not filed proof of service on the record. Therefore, the Court must assume that service of process has not even been effectuated to date, almost a year after the Complaint was filed. In such a case as this, the Court does not believe an extension for service is warranted. As noted above, since Plaintiffs have failed to show good cause for timely effectuating service, the Court is required to either (1) dismiss the complaint or (2) order that service be made within a specified time. Because the Court does not believe that it should exercise its discretion and order that service be made, the Court must dismiss Plaintiff's Complaint without prejudice.[14] Therefore, Pursuant to Fed.R.Civ.P. 4(m), Defendant PepsiAmericas' Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Extension of Time to Perfect Service is **DENIED.**

**IT IS SO ORDERED.**

13. *But see, Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216 (S.D.Ohio 2000).

14. Since Plaintiff has also failed to serve Defendants Reed and Smith the Complaint is dismissed as to them as well for the same reasons set forth above as to Defendant PepsiAmericas.