NOT RECOMMENDED FOR PUBLICATION

File Name: 21a0059n.06

CASE No. 20-5505

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOSEPH SMITH, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| *Defendant-Appellee*. | ) | |
| | ) | |

Before:  BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  This is an appeal from the bankruptcy court by way of the district court.[1]  "On appeal from a district court's review of a bankruptcy court's order, we review the bankruptcy court's order directly rather than the intermediate decision of the district court."  *In re Greektown Holdings*, LLC, 917 F.3d 451, 455–56 (6th Cir. 2019).

By their own terms, the Federal Rules of Civil Procedure "apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure."  Fed. R. Civ. P. 81(a)(2).  As relevant here, Bankruptcy Rule 7004(a) applies Civil Rule 4(m) to adversary proceedings, so the plaintiff must comply with both rules.  Under Bankruptcy Rule 7004(e), the summons and complaint must be served within seven (7) days after the summons is issued and, if not, then "another summons will be issued."  But under Civil Rule 4(m), if the summons is not served within 90 days, the court must dismiss the action unless the plaintiff has shown "good cause" for failing

---

[1] The district court remanded and ordered the bankruptcy court to specify whether the dismissal was with or without prejudice.  Because that determination is "purely ministerial," we have jurisdiction to decide this appeal.  *See In re Wohleber*, No. 19-3223, -- F. App'x. --, 2020 WL 6781237, at *2 (6th Cir. Nov. 18, 2020).

to serve within 90 days; then the court may extend the deadline for service. Generally, "good cause" means "a reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). Mere "lack of prejudice and actual notice are insufficient," as are "[m]istake of counsel or ignorance of the rules." *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (relying on *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). We review for abuse of discretion the court's determination of "good cause." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

David Johnson initiated an adversary proceeding against the debtor, Joseph Smith, by filing a complaint in the bankruptcy court, and the court clerk issued a summons on August 28, 2018. Sixteen (16) days later, on September 13, 2018, the summons was delivered to Smith's wife at their residence. When Johnson sought and received an entry of default from the clerk, Smith moved to set it aside because Johnson had not served a copy of the summons and complaint on his attorney, as required by Bankruptcy Rule 7004(g). On November 28, 2018, the bankruptcy court granted the motion, finding that Johnson had not only failed to serve Smith's attorney but had not served Smith within seven days as required by Bankruptcy Rule 7004(e), so there was no service.

Johnson took no further action for 75 days and, on February 11, 2019, the bankruptcy court ordered him to appear on March 14, 2019, to show cause as to why the court should not dismiss his complaint for failure to prosecute. On March 6, 2019 (23 days after the issuance of the show-cause order), Johnson requested service of an "alias summons," which the court clerk sent that same day via United States mail.[2] That was 191 days after Johnson filed his adversary proceeding.

---

[2] The bankruptcy court noted that the summons contained an incorrect mailing address for Smith and that the summons was apparently sent to that incorrect address, so "arguably, [Smith] still has not been properly served." Bankr. Ct. 3:18-ap-3034, Dkt. No. 24 at p. 3 n.3. But we need not consider this additional aspect in this decision.

On April 8, 2019, Smith moved the court to dismiss the action because Johnson had not completed proper service of process within 90 days as required by Civil Rule 4(m). Johnson argued that the improper service on September 13, which gave Smith actual notice of the action, should constitute "good cause" for the court to extend the deadline. The bankruptcy court rejected that argument, found that Johnson had not shown "good cause," and further opined:

> [T]he November Order setting aside the entry of default should have caused [Johnson] to read and timely comply with the rules. . . . [H]ad [Johnson] made a 'reasonable effort' and acted 'diligently' to serve [Smith] and counsel after entry of the November Order, the Court would be inclined to allow this case to proceed. However, [Johnson] failed to prosecute this matter for an additional 77 days, even waiting an additional three weeks following entry of the Show-Cause Order to request issuance of and serve the alias summons.

Bankr. Ct. 3:18-ap-3034, Dkt. No. 24 at p. 5. The court dismissed the complaint.

On appeal, Johnson argues that the Civil Rules trump the Bankruptcy Rules, so the Bankruptcy Rules at issue here—i.e., 7004(e) and (g), requiring service within seven days and on the debtor's attorney, respectively—are unenforceable, and service was effected on September 13, satisfying Civil Rule 4(m). Alternatively, Johnson argues that the service on September 13 established good cause to extend the deadline and the bankruptcy court abused its discretion by refusing to do so. For the reasons already given, we cannot agree with either argument.

We AFFIRM the judgment of the bankruptcy court.