56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Aubrey MILLER, Plaintiff-Appellant,
v.
Marvin T. RUNYON; United States Post Office, Defendants-Appellees.
 No. 94-6439.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KENNEDY, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Aubrey Miller appeals pro se a district court judgment dismissing his civil rights suit filed under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e, et seq.), the Age Discrimination in Employment Act (ADEA) ( 29 U.S.C. Sec. 623, et seq.), and the Rehabilitation Act (29 U.S.C. Sec. 791, et seq.). Additionally, he has filed a motion to remand. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In his complaint, Miller asserted that he applied for employment with the United States Postal Service in November, 1983. Miller further explained in open court that, prior to applying for service with the Postal Service, he was in the United States Air Force. Miller, upon application for the position at the Postal Service, sought certain points to be applied to him because of his veteran status. Miller further asserted that the Postal Service, in 1983, refused to hire him despite his securing a rating of 103 and being at the top of the register for potential employees in the Postal Service. Miller further asserted that he filed an EEO complaint and that he was, in fact, hired by the Postal Service but complained that the Postal Service has refused to correct his seniority date to reflect the date that he applied in 1983. Miller sought an adjustment to his seniority date, appropriate back pay and costs.
 
 
 3
 Upon motion by counsel for the defendants, the district court dismissed the complaint, without prejudice, after Miller failed to serve a summons upon the defendants within 120 days of filing the complaint as required by Fed. R. Civ. P. 4(m). The court also dismissed the complaint for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). Judgment was entered October 3, 1994.
 
 
 4
 The district court's dismissal of a complaint under Fed. R. Civ. P. 4(m) is reviewed for abuse of discretion. Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir. 1985) (per curiam) (discussing former Rule 4(j)). Upon review, we conclude that the district court did not abuse its discretion when it dismissed Miller's complaint pursuant to Fed. R. Civ. P. 4(m).
 
 
 5
 Fed. R. Civ. P. 4(m), formerly 4(j), provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made within the 120-day period.
 
 
 6
 The district court did not explicitly rule that Miller had not demonstrated the requisite good cause for his failure to serve the defendants within 120 days of the filing of his complaint. However, the minutes of the status conference held September 14, 1994, reflect that Miller stated only his seniority claim. He apparently did not offer any explanation for his failure to serve the defendants within 120 days of the filing of his complaint, even though the defendants had alerted the court to this fact. Moreover, the district court did not enter judgment dismissing Miller's suit against the defendants until October 3, 1994, approximately five months after Miller filed his complaint, and one month after the 120-day deadline for filing the complaint had expired. Additionally, Miller has not offered any explanation in his brief on appeal for his failure to serve the defendants within the 120 day period. Therefore, the district court did not abuse its discretion in dismissing suit against the defendants pursuant to Rule 4(m).
 
 
 7
 Even if Miller had complied with Fed. R. Civ. P. 4(m), his complaint was properly dismissed because Miller undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).
 
 
 8
 Miller's complaint is deficient in that it alleges no facts which would provide a basis for relief under either Title VII, ADEA or the Rehabilitation Act. Miller has not alleged membership in any group protected under these statutes, nor has he alleged that an adverse employment decision was made because of his race, age or handicap. Miller's allegations are premised upon mere conclusions. A plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Miller's complaint is essentially one regarding the application of seniority irrespective of race, age or handicap. Therefore, Miller has failed to allege facts which, if determined in his favor, could result in an award of relief to him.
 
 
 9
 For the foregoing reasons, the motion to remand is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.