107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald D. MOORE, Plaintiff-Appellant,
v.
Dr. NESBITT; Martha Ward; Lloyd Christianson; Christine
J. Bradley; Donal Campbell; James R. Miller;
Walter P. Lomax, Jr., M.D.; Laura L.
Gaines, Defendants-Appellees.
 No. 95-6690.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 This is a direct appeal from a judgment dismissing without prejudice a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ronald Moore, a Tennessee inmate, filed a fee-paid complaint on June 27, 1994, in which he alleged that the named corrections personnel acted to violate his Eighth Amendment right to be free from cruel and unusual punishment. On November 17, 1994, the district court ordered Moore to show cause why his complaint should not be dismissed for failure to meet the service of process requirements of Fed.R.Civ.P. 4(m). A series of filings followed and the court ordered the complaint dismissed without prejudice for Moore's failure to comply with the *dictates of Rule 4(m). Moore filed the present appeal. Moore has filed a brief without benefit of counsel; the named defendants have indicated that they will not be participating in the appeal. In addition, Moore filed a motion in which he seeks service of summons on the defendants.
 
 
 4
 Moore is an inmate at the Deberry Special Needs Facility in Nashville, Tennessee. Moore filed a fee-paid complaint in which he claimed that the named defendants, officials of Deberry and the Tennessee Department of Corrections, deliberately ignored his serious medical needs (prostate related symptoms) and then gave him substandard care. Moore proceeded to file several other related documents, but had not effected service as of November 17, 1994. On that date, the district court entered an order in which it informed Moore that he needed to comply with the service provision of Fed.R.Civ.P. 4(m). The court also directed Moore to supply, in affidavit form, good cause to excuse his failure to comply with the service provisions of Rule 4 to that point. Moore replied and submitted the requested affidavit. The court construed the affidavit as setting forth a claim that Moore's ignorance of proper procedure should qualify as the "good cause" needed. The court rejected this and ordered the action dismissed without prejudice.
 
 
 5
 Fed.R.Civ.P. 4(m) provides, in relevant part:
 
 
 6
 If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
 
 
 7
 Absent a demonstration of good cause to justify a failure of timely service, a district court is plainly directed to dismiss the complaint. See, e.g., Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992). The rule clearly places the burden of showing good cause on the plaintiff and the district court's orders to Moore in the present case reiterated this position. Good cause requires a demonstration of why service was not made within the time set forth in Rule 4. Id. at 597. The determination of whether good cause has been shown is left to the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994).
 
 
 8
 The court's conclusion as to the substance of the "good cause" is supported in the plain language of the reply and affidavit. There is no support in law for the proposition that a prisoner litigant, proceeding fee paid, is entitled to evade the service requirements of the Rules of Civil Procedure. This appeal lacks merit.
 
 
 9
 Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation