**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD FREDERICK KRUEGER,

      Plaintiff-Appellant,

v.

TIFFANY DOE, Female U.S. Marshal,
JOHN DOE, JANE DOE, U.S.
MARSHAL, United States Marshal
Service,

      Defendants-Appellees.

Nos. 98-6144, 98-6253
(D.C. CIV-97-83-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harold Frederick Krueger brings this pro se appeal challenging the district court's orders dismissing his claims without prejudice. Mr. Krueger also seeks review of the denial of his motion for leave to amend his complaint. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

*Background.*

Mr. Krueger brought an action pursuant to 28 U.S.C. §§ 1331, 1346, and 2674, against Tiffany Doe, U.S. Marshal, two unknown U.S. Marshals, and the U.S. Marshal Service. Specifically, Mr. Krueger alleged that while transporting him to a federal hearing, the three U.S. Marshals who were assigned to guard him confiscated his legal file. Mr. Krueger further alleged that when he and his wife requested return of the file, the Marshal Service refused to comply.

On September 7, 1997, the Magistrate assigned to the case ordered the U.S. Marshal Service either to provide information regarding the identity of the unknown defendants to Mr. Krueger or to serve process on those defendants itself. Complying with that order, the Marshal Service provided Mr. Krueger the full name and last known address of Tiffany Burton, whom Mr. Krueger had identified only as "Tiffany," in his complaint. The Marshal Service was unable to identify either of the other two defendants. On January 30, 1998, the Magistrate entered a Report and Recommendation to dismiss all claims except for the Bivens action against Ms. Burton. The District Court adopted the Report and

2

Recommendation in its entirety. Finally, on May 7, 1998, the Magistrate entered a Report and Recommendation to dismiss the remaining claim against Ms. Burton for failure to serve process. The District Court also adopted this Report and Recommendation in its entirety.

1.      *Denial of Motion to Amend.*

We review the denial of Mr. Krueger's motion to amend for abuse of discretion. Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 n.9 (10th Cir. 1994). Mr. Krueger sought to amend his claim to add the United States as a defendant. Jurisdiction to entertain claims for damages against the United States is granted by 28 U.S.C. § 2674, part of the Federal Tort Claims Act ("FTCA"). However, section 2675(a) limits the jurisdiction to cases where "the claimant [has] first presented the claim to the appropriate Federal agency and [had] his claim . . . finally denied by the agency in writing . . . ." This exhaustion requirement is jurisdictional and cannot be waived. Nero v. Cherokee Nation of Oklahoma, 892 F.2d 1457, 1463 (10th Cir. 1989).

The district court denied Mr. Krueger's motion to amend because he failed to present his complaint to the U.S. Marshal Service. He suggests that an effort to do so would have been futile in light of the agency's prior refusal to cooperate with him. The perceived futility of the administrative remedy cannot cure the jurisdictional shortcoming of failure to pursue said remedy. See id.

3

Thus we hold that district court did not abuse its discretion in denying Mr. Krueger's motion to amend.

2.    *Dismissal of Ms. Burton for Failure to Serve Process.*

"We review the district court's dismissal for untimely service for an abuse of discretion." Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995). Federal Rule of Civil Procedure 4(m) allows the district court to dismiss an action without prejudice if the plaintiff to serve process within 120 days of filing the complaint. Rule 4(m) also provides that if the plaintiff shows good cause for failing to serve process, the court shall extend the time for service appropriately.

The district court found that Mr. Krueger failed to show good cause and dismissed the action. In doing so, it noted that an important consideration in deciding whether to extend the 120-day period is whether the statute of limitations would bar refiling of the action at a later date.

The district court found that Mr. Krueger would probably be time-barred from filing a subsequent claim; this factor counsels against dismissal. See Fed. R. Civ. P. 4(m) advisory committee's note ("Relief may be justified . . . if the applicable statute of limitations would bar the refiled action."). However, this factor alone is not determinative. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994). The district court found that 470 days had passed since Mr. Krueger filed this suit, but Ms. Burton had yet to be served.

4

Much of this delay, however, cannot be held against Mr. Krueger. Upon filing his action, Mr. Krueger did not know Ms. Burton's identity beyond her first name. Not until the U.S. Marshal Service complied with a court order to provide Mr. Krueger with further information did Mr. Krueger learn Ms. Burton's name or address. The Marshal Service gave this information to Mr. Krueger on October 13, 1997. Thus, Mr. Krueger is only responsible for failing to effect service for 206 of those 470 days. However, during that period, Mr. Krueger made no appreciable headway in discovering the Ms. Burton's whereabouts; in 206 days the only additional information Mr. Krueger obtained about Ms. Burton was her middle initial. Mr. Krueger has failed to show good cause for failing to obtain additional information and for failing to effect service over the 206-day period.

Mr. Krueger suggests that the district court erred in not compelling the U.S. Marshal Service to conduct a full fugitive search to locate Ms. Burton's current address. We agree with the Magistrate that compelling such a search against a non-fugitive would be "patently unreasonable . . . [and] necessarily violative of [Ms. Burton's] privacy rights." Rec. doc. 42, at 5.

3.      *Dismissal of Two Unknown Defendants.*

The court dismissed Mr. Krueger's action against the two unknown defendants for failure to serve in a timely fashion. Dismissal against unknown defendants is proper "only when it appears that the true identity of the defendant

5

cannot be learned through discovery or the court's intervention." Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). We find the district court was within its discretion dismissing these claims.

The court provided Mr. Krueger with substantial assistance in his effort to identify the "Doe" defendants. The Magistrate ordered the Marshal Service "to make a concerted effort" to locate and provide information that would prove helpful to Mr. Krueger in ascertaining the "Doe" defendants' identities and locations. See rec. doc. 27, at 3. The Marshal Service was unable to identify the defendants based on the information provided by Mr. Krueger.

Although the magistrate's efforts did not result in Mr. Krueger identifying the remaining defendants, the court was not required to provide any further assistance. Nor was it required to forestall dismissal of the unknown defendants any longer. For over a year the Plaintiff, with the assistance of his wife, had failed to identify the unknown defendants through further discovery. Identification and eventual service of the these individuals did not appear a real possibility.

Entered for the Court,

Robert H. Henry
Circuit Judge

6