Joseph VERGIS, Plaintiff,

v.

GRAND VICTORIA CASINO
& RESORT, Defendant.

No. C–1–99–1035.

United States District Court,
S.D. Ohio,
Western Division.

June 27, 2000.

Dennis M O'Bryan, O'Bryan Baun Cohen, Birmingham, MI, Michael S Conese, Conese & Conese, Hamilton, OH, Michael Ryan Voorhees, Phillips Law Firm Inc, Cincinnati, OH, for Joseph Vergis, plaintiffs.

Michael Devanney Eagen, Dinsmore & Shohl, Cincinnati, OH, for Grand Victoria Casino & Resort, defendants.

## ORDER

BECKWITH, District Judge.

On December 17, 1999, Plaintiff Joseph Vergis filed a complaint against Grand Victoria Casino & Resort ("Grand Victoria") under the Jones Act, 46 U.S.C. § 446, alleging that he was injured due to negligence on the part of Grand Victoria while employed as a dealer on one of its riverboat casinos. The complaint alleges that on December 18, 1996, Plaintiff slipped and fell on icy stairs that Grand Victoria negligently failed to clear. On April 28, 2000, Grand Victoria filed a motion to dismiss the complaint under Rule 4(m) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to effect service of the summons and complaint upon it within 120 days of the filing of the complaint as required. Doc. No. 3.

In response, Plaintiff does not claim that he effected service within the time allowed by the Rule, nor does he argue that there is good cause for his failure to effect timely service. Nonetheless, Plaintiff contends that the Advisory Committee Notes to the 1993 Amendments to Rule 4 show that the district court has discretion to grant an extension of time in which to effect service even in the absence of good cause, particularly where, as in this case, the re-filed action would be barred by the statute of limitations.[1] In any event, Plaintiff argues that Grand Victoria

---

1. The Jones Act provides for a three year statute of limitations. The limitations period on Plain- tiff's claim ran on December 18, 1999, the day after he filed his complaint.

waived service of process when his attorney provided Grand Victoria's attorney a copy of the complaint at a settlement conference in an unrelated case.

■ Rule 4(m) of the Federal Rules of Civil Procedure provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In this case it is undisputed that Plaintiff did not effect service within 120 days of filing the complaint, nor is there good cause for his failure to do so. In such a case, the Sixth Circuit has taken the position that dismissal of the complaint is required. *See Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992) ("[W]e have held that Rule 4(j) [the predecessor of current Rule 4(m) ] renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause.") (internal quotes omitted). Furthermore, there is a long line of unpublished decisions issued by the Sixth Circuit affirming dismissals of complaints for the plaintiff's failure to demonstrate good cause for not complying with Rule 4(m). *Williams v. Smith,* 191 F.3d 454, 1999 WL 777654, at *2 (6th Cir.1999); *Rose v. G.UB.MK Constructors,* 187 F.3d 637, 1999 WL 507025, at *2 (6th Cir.1999); *Thurman v. GTE,* 142 F.3d 436, 1998 WL 69085, at *1 (6th Cir.1998); *Moore v. Nesbitt,* 107 F.3d 12, 1997 WL 52917, at *1 (6th Cir.1997); *Miller v. Runyon,* 56 F.3d 64, 1995 WL 325692, at *1 (6th Cir.1995);. Nonetheless, Plaintiff argues that the Advisory Committee Notes authorize the district court to grant an extension of time in which to effect service even absent good cause.

The Advisory Committee's Note regarding subsection (m) provides:

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed.R.Civ.P. 4, Advisory Committee Notes to 1993 Amendments. A number of the Courts of Appeals have relied on this Advisory Committee Note in adopting the position that the Rule gives the district court discretion to grant an extension even in the absence of good cause. *See Panaras v. Liquid Carbonic Ind. Corp.,* 94 F.3d 338, 340 (7th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir.1996); *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir.1995); *Petrucelli v. Bohringer & Ratzinger GMBH,* 46 F.3d 1298, 1306 (3rd Cir. 1995). In *Mendez v. Elliot,* 45 F.3d 75 (4th Cir.1995), the Fourth Circuit rejected the proposition that the amended Rule 4 gives the district court discretion to grant an extension even absent good cause. *Id.* at 78–79. In reaching that decision, however, the Court did not address whether and how the Advisory Committee Note affected its interpretation of the Rule.

While, as indicated, the Sixth Circuit appears to have adopted a rigid application of Rule 4(m), it must be noted that the principal case, *Moncrief,* was decided in 1992, before adoption of the 1993 Amendments and the promulgation of the new Advisory Committee Note. The Court also notes that Sixth Circuit decisions issued subsequent to the 1993 amendments have not specifically addressed whether the Advisory Committee Note expands the Court's ability to grant extensions to effect service. On the other hand, the Court has not specifically rejected that proposition either. In fact, the Sixth Circuit appears to have completely ignored this particular Advisory Committee Note. The United States Supreme Court, however, has endorsed the idea, albeit in dicta, that the new Rule allows a district court to grant an extension of time even absent good cause. *See*

*Henderson v. United States,* 517 U.S. 654, 662–63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period even if there is no good cause shown."). The Court of Appeals of this Circuit has consistently recognized the persuasive value of Supreme Court dicta. *See e.g. Wright v. Morris,* 111 F.3d 414, 419 (6th Cir.1997) ("If anything, this particular 'dictum,' which eight Justices endorsed, commands more weight than much of the *Landgraf* analysis, which commanded a bare majority. Where there is no clear precedent to the contrary, we will not simply ignore the Court's dicta.") (internal citations omitted); *Jordon v. Gilligan,* 500 F.2d 701, 707 (6th Cir.1974) ("Even the Court's dicta is of persuasive precedential value."). Moreover, the opinions, from all federal courts, which rely on the Advisory Committee Notes in issuing definitive interpretations of the various federal procedural and evidentiary rules are too numerous to cite. It is sufficient to say here, without exaggeration, that Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules. Thus, based on the strength of the Supreme Court's dicta in *Henderson,* the weight usually accorded Advisory Committee Notes in interpreting the federal rules, and the lack of a specific rejection of this particular Advisory Committee Note by the Sixth Circuit, the Court concludes that Rule 4(m) gives the district court discretion to grant an extension of time to serve the summons and complaint even in the absence of a showing of good cause.

■ Having concluded that Rule 4(m) gives the Court discretion to grant an extension, the question remains whether the Court should exercise that discretion. The Court finds that three factors weigh in favor

of granting Plaintiff a modest extension of time in which to re-serve the summons and complaint. The first is that Plaintiff's cause of action will be barred by the statute of limitations if it is dismissed now. Granting an extension in this circumstance is clearly contemplated by the new rule. Second, Grand Victoria obviously had notice of the lawsuit prior to the expiration of the 120 day service period and thus will not be unfairly surprised by having to defend this action. *See Henderson,* 517 U.S. at 671, 116 S.Ct. 1638 ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.").[2] Finally, granting Plaintiff an extension of time to re-serve the summons and complaint in this particular circumstance would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds.

Accordingly, for the reasons just stated, Grand Victoria's motion to dismiss (Doc. No. 3) is not well-taken and is **DENIED.** Plaintiff's motion for an order directing that service be effected within a specified time (Doc. No. 4) is well-taken and is **GRANTED.** Plaintiff may serve the summons and complaint upon Defendant in any manner which otherwise complies with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order. Plaintiff's failure to effect proper service within that time period will result in the dismissal of his complaint.

**IT IS SO ORDERED.**

---

**2.** The Court says that Grand Victoria "obviously" had notice of this action because this is not a case where a plaintiff actually completed service, but after the 120 day period. In fact, it appears that Plaintiff has never served Grand Victoria. However, the docket sheet shows that Grand Victoria filed its motion to dismiss fairly soon after the expiration of the 120 day period. The only way Grand Victoria could have filed a motion at all was if it had actual notice of the suit.

Please note, however, that the Court is not saying that actual notice of the suit is a substitute

for service of the summons and complaint. Actual notice of a lawsuit clearly is not a substitute for proper service. *See LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir.1999); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir.1991). The Court does believe, however, that Grand Victoria's actual notice of the suit is an equitable factor weighing in favor of affording Plaintiff another opportunity to effect service.