**Richard CLEMONS, Plaintiff–Appellant,**

v.

**Cynthia SOELTNER, Defendant–Appellee.**

No. 02–2005.

United States Court of Appeals, Sixth Circuit.

March 26, 2003.

Before MARTIN, Chief Judge;
ROGERS, Circuit Judge; and
EDMUNDS, District Judge.*

### ORDER

Richard H. Clemons, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 24, 2001, Clemons filed a complaint against Cynthia Soeltner, a correctional officer formerly employed by the Michigan Department of Corrections. Relying upon the First and Eighth Amendments to the United States Constitution, Clemons alleged that Soeltner retaliated against him for filing grievances and complaining about the conditions of his confinement. Clemons sought monetary and equitable relief.

On May 24, 2002, a magistrate judge filed a report recommending dismissal of the complaint because Clemons failed to effect service upon Soeltner within 120 days of the filing of the complaint. Over Clemons's objections, the district court approved and adopted the magistrate's report and recommendation and dismissed the complaint without prejudice for failure to prosecute. Clemons has filed a timely appeal.

We review the district court's dismissal of a complaint for failure to serve the defendant under an abuse of discretion standard of review. *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996).

Federal Rule of Procedure 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 120 days after the complaint is filed. Rule 4(m) provides that if service of the summons and complaint is not made within 120 days of filing the complaint, the court shall upon motion or *sua sponte* dismiss the action without prejudice, or direct that service be effected in a specified time. The court may, upon a showing of good cause, extend the time for service beyond 120 days. *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992).

Clemons filed the complaint on April 24, 2001, the same day his motion for leave to proceed in forma pauperis was granted. The court ordered the clerk to arrange for service of process upon Soeltner by the United States Marshal. The summons was issued on October 29, 2001. On November 14, a return of service form was filed indicating that service had been attempted but could not be executed because Soeltner was no longer employed by the Department of Corrections.

In his brief, Clemons asserts that in an earlier action against a different defendant in the same court, Soeltner was on medical leave from the Department of Corrections and had arranged with the state attorney general to provide instructions on where the court could effectuate service. Relying on this, Clemons filed a motion to compel the attorney general to provide the address under seal to effectuate service. On December 11, the magistrate ordered the attorney general to submit Soeltner's ad-

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

dress to the clerk's office for purpose only of serving process. In its order, the court noted that as a prisoner, Clemons is restricted from access to home addresses of state prison employees.

The attorney general did not comply with the order at anytime. Clemons filed another motion, this time to compel the attorney general to comply with the December 11 order. On February 22, 2002, the court ordered the attorney general to provide Soeltner's address within fourteen days.

Again, the attorney general failed to respond. Clemons filed a motion for contempt on March 19. On May 24 the magistrate filed a report recommending dismissal of the complaint without prejudice for failure to obtain service in 120 days, and denying Clemons's motions to compel service and for contempt as moot.

We have found good cause, as have our sister circuits, when failure of the Marshals Service and clerk to perform their required duties resulted in failure to effect timely service on behalf of a pro se plaintiff proceeding in forma pauperis. *Byrd*, 94 F.3d at 220.

Other circuits have addressed cases in which service did not occur within 120 days because of difficulty obtaining information about defendants. In *Del Raine v. Carlson*, Nos. 94–2595/94–3101, 1996 WL 47451 (7th Cir. Feb.1, 1996), the Seventh Circuit held that the district court abused its discretion in dismissing a prisoner's complaint for failure to timely serve defendants. *Id.* at *14. Del Raine had repeatedly sought addresses for several defendants by serving interrogatories on the defendant director of the bureau of prisons, who repeatedly ignored the requests. *Id.* at *8. In *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.1995), the court of appeals remanded to the district court to evaluate the efforts of the Marshals Ser-

vice in serving process on defendants who were no longer employed by the prison. It instructed that if the Marshals Service could have obtained the addresses, the failure to serve process was good cause under Rule 4(m). *Id.* In *Krueger v. Doe*, No. 98–6144, 1998 WL 717286 (10th Cir. Oct.14, 1998), the court of appeals upheld dismissal of a suit against several defendants, one known and the rest unknown, for failure to effect service and find information about the defendants. *Id.* at *3. The court, however, found that of 470 days when service did not occur, the plaintiff was excused from 264 while waiting for the Marshals Service to respond to a court order compelling it to provide the known defendant's full name and address. *Id.* at *2.

Here we find that the district court failed to enforce its own orders compelling the attorney general to provide Soeltner's address. It then ignored this obvious oversight and dismissed Clemons's claims, placing the blame for lack of service on Clemons. As an incarcerated plaintiff, however, Clemons did demonstrate diligence in seeking the address for service. Restricted from obtaining it because he is imprisoned, he sought relief from the court on numerous occasions.

We hold that failure of the attorney general to respond to the court orders constituted good cause for delay in effectuating service, and that the district court abused its discretion in dismissing the claims. We remand to the district court for proceedings consistent with this order, and with instructions to issue a show cause order to the Michigan Attorney General to explain why it has twice failed to respond to the court's orders compelling it to release the address to the Clerk of the Court.