**Baxter OSBORNE, et al., Plaintiffs,**

v.

**FIRST UNION NATIONAL BANK OF DELAWARE, et al., Defendants.**

No. C–3–01–302.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 5, 2003.

Cir.(N.H.), Mar 29, 1994) (Unpublished Disposi-

Andrew M. Engel, Kettering, OH, for Plaintiffs.

Donald James Mooney, Jr., Ulmer & Berne–1, William J. Moran, Jr., Cincinnati, OH, David W Thompson, Barbara Friedman Yaksic, McGlinchey Stafford PLLC–1, Cleveland, OH, for Defendants.

DECISION AND ENTRY OVERRULING THE MOTION OF DEFENDANT AMERICAN LIBERTY FINANCIAL, INC., TO DISMISS FOR FAILURE TO OBTAIN SERVICE, PURSUANT TO FED. R. CIV. P. 12(B)(5) (DOC. # 15)

RICE, Chief Judge.

Plaintiffs Baxter and Lisa Osborne have brought this action against Defendants First Union National Bank of Delaware ("First Union") and American Liberty Financial, Inc. ("American Liberty"), in connection with the refinancing of their home mortgage, for violations of the Truth in Lending Act, 15

tion) (dictum).

U.S.C. §§ 1635 & 1639; Ohio Rev.Code § 1322.07(C) (Mortgage Broker Registration); Ohio Rev.Code § 1345.01, et seq. (the Ohio Consumer Sales Practices Act); and breach of fiduciary duty. Plaintiffs filed their Complaint (Doc. # 1) on July 24, 2001. On July 12, 2002, the Clerk of Courts sent Plaintiffs a Notice, pursuant to Local Rule 55.1, that Plaintiffs had taken no action against American Liberty as of that date, and that their claims against American Liberty would be dismissed for want of prosecution (Doc. # 4). On August 9, 2002, Plaintiffs responded by filing a motion for an additional forty-five (45) days to perfect service on American Liberty (Doc. # 5). Plaintiffs indicated that they had sent the Complaint and the request for waiver of service of summons to American Liberty, but that this Defendant did not return an executed waiver (*id.*). They further stated that their failure to attempt service again was the result of innocent oversight (*id.*). On August 13, 2002, the Court sustained, by notation order, Plaintiffs' Motion (Doc. # 5). On September 16, 2002, Plaintiffs served their Complaint and summons on American Liberty.

Pending before the Court is American Liberty's Motion to Dismiss for Failure to Obtain Service, pursuant to Fed.R.Civ.P. 12(b)(5) (Doc. # 15), on the ground that Plaintiffs' service of their Complaint and the summons was not timely. For the reasons assigned, Defendant's Motion, which is unopposed, is OVERRULED.

In its Motion, American Liberty asserts that the service of the summons and the Complaint violated Rule 4(m) of the Federal Rules of Civil Procedure, because Plaintiffs did not effect service until 419 days after the Complaint was filed. It argues that dismissal based on a Rule 4(m) violation is mandatory, rather than discretionary, pursuant to Sixth Circuit authority. The Court disagrees.

In relevant part, Rule 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The first clause of this Rule indicates that a district court shall either (1) dismiss a complaint without prejudice, *or* (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint. The second clause of Rule 4(m) states that a district court *shall* extend the time for service, however, if a plaintiff demonstrates good cause for failing to comply with the 120 day time requirement. A plain reading of the first clause reveals that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint. The second clause then removes a district court's discretion if a plaintiff establishes good cause for his failure to comply with the 120–day time limit. Upon a showing of good cause for non-compliance, a district court *shall* extend the time for service.

Significantly, Advisory Committee notes following Rule 4(m) support the Court's reading of the Rule. Those notes state:

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown....* Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action....

Advisory Committee Notes on Fed.R.Civ.P. 4(m) (emphasis added). In *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the United States Supreme Court acknowledged these Advisory Committee notes, stating: "Most recently, in [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the

120–day period 'even if there is no good cause shown.'" *Id.* at 662, 116 S.Ct. 1638. In the wake of Rule 4(m)'s adoption, a number of federal courts of appeals also have concluded that good cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service of process. Rather, these circuit courts have determined that Rule 4(m) provides a district court with the discretion to extend the time for service of process even without a showing of good cause. *See, e.g., Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995); *Davies v. Richards,* 1999 WL 26913 (4th Cir.1999); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996); *Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338, 340–341 (7th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996); *DeTie v. Orange County,* 152 F.3d 1109, 1111 n. 5 (9th Cir.1998); *Espinoza v. United States,* 52 F.3d 838, 840–841 (10th Cir.1995).

Following the implementation of Rule 4(m), the Sixth Circuit has addressed a plaintiff's failure to obtain timely service of process in two published opinions. In *Byrd v. Stone,* 94 F.3d 217 (6th Cir.1996), the court cited its prior ruling in *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994), for the proposition that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Notably, although *Habib* was decided on January 25, 1994, the court applied former Fed.R.Civ.P. 4(j), which plainly *did* require a plaintiff to show good cause in order to avoid dismissal of his complaint. In *Byrd,* the court acknowledged that Rule 4(j) had been "amended by current Rule 4(m), effective December 1, 1993." *Byrd,* 94 F.3d at 219 n. 2. The court then reasoned that "[u]nder either rule, a party generally has 120 days to serve the summons and complaint upon a defendant unless good cause can be shown for the failure to effect service within this time period." *Id.* Although Rule 4(m) had taken effect while the plaintiff's case was pending, the *Byrd* court declined to decide whether Rule 4(j) or Rule 4(m) controlled, because a

showing of good cause warranted an extension under either version. *Id.* at 219 n. 3. Finally, the *Byrd* court held that the plaintiff had established good cause for an extension of time to effect service of process. *Id.* at 220.

In *Catz v. Chalker,* 142 F.3d 279 (6th Cir. 1998), the other reported Sixth Circuit case discussing the timing requirements of Fed. R.Civ.P. 4(m), the court stated in a footnote, with seemingly less than its usual accuracy: "It is certainly true that, '[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.'" *Id.* at 289 n. 10, quoting *Byrd,* 94 F.3d at 219. Significantly, neither *Byrd* nor *Catz* turned upon a judicial finding that the absence of good cause precluded a plaintiff from effecting service of process after 120 days. In *Catz,* the Sixth Circuit addressed the propriety of the district court dismissing an action, *sua sponte,* for improper venue and failure to state a claim. In *Byrd,* the court found good cause justifying an extension of time under Rule 4(m). Consequently, in both cases, the Sixth Circuit's statement that a lack of good cause compels dismissal under Rule 4(m) is *dicta.* This Court has found no reported Sixth Circuit decision holding that a district court cannot enlarge the time to effect service under Rule 4(m), absent a showing of good cause. To the contrary, in a concurring opinion in *Catz,* Judge Wellford noted that "absent good cause for failure to serve in a timely manner under the Rule, 'the court may, in its discretion, either dismiss the action without prejudice, or direct that service be effected within a specified time.'" *Catz,* 142 F.3d at 295 (Wellford, J., concurring), *citing Panaras v. Liquid Carbonic Indus.,* 94 F.3d 338, 340 (7th Cir.1996), *Henderson,* 517 U.S. at 661–663, 116 S.Ct. 1638, and Rule 4(m).

Moreover, in one unreported decision, the Sixth Circuit has recognized that Rule 4(m) grants the district court discretion to extend the time period for service of process, even in the absence of good cause.[1] *Stewart v. Ten-*

---

1. The Court notes that in other unreported decisions, the Sixth Circuit has repeated its prior statement that, in the absence of a showing of good cause, failure to timely serve a defendant

**408**

*nessee Valley Authority,* 2000 WL 1785749 (6th Cir. Nov.21, 2000). Discussing Rule 4(m) in light of *Henderson,* the court of appeals stated:

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States,* 517 U.S. 654, 662[, 116 S.Ct. 1638, 134 L.Ed.2d 880] (1996).

*Id.* at *1 (emphasis in original).

▉ In light of the persuasive authority from several other Circuits, the content of the Advisory Committee notes following Rule 4(m), the plain language of the Rule, the Sixth Circuit's unreported decision in *Stewart,* and the absence of any binding Sixth Circuit authority to the contrary, this Court concludes that it was permitted, in its discretion, to extend the 120–day period for Plaintiffs to effect service on American Liberty, pursuant to the first clause of Rule 4(m), even absent a showing of good cause. As acknowledged by American Liberty, Plaintiffs effected proper service on September 16, 2002, which was within forty-five (45) day extension provided by the Court. Accordingly, American Liberty's Motion to Dismiss for Failure to Obtain Service (Doc. # 15), on the ground that Plaintiffs did not effect service within 120 days of the filing of their Complaint, is OVERRULED.

For the foregoing reasons, American Liberty's Motion to Dismiss for Failure to Ob-

tain Service, pursuant to Fed.R.Civ.P. 12(b)(5) (Doc. # 15), is OVERRULED.

---

mandates dismissal. *Harris v. City of Cleveland,* 7 Fed.Appx. 452 (6th Cir. Mar.26, 2001); *Moore v. Nesbitt,* 1997 WL 52917 (6th Cir. Feb.7, 1997); *Clemons v. Soeltner,* 62 Fed.Appx. 81 (Mar. 26, 2003). The Court notes that the *Moore* and *Clemons* courts cited to *Moncrief v. Stone,* 961

F.2d 595, 596 (6th Cir.1992), a case which was decided prior to the 1993 amendments to Rule 4. In addition, the *Harris* court cited to *Habib, supra,* which, as discussed above, applied the former Rule 4(j). Accordingly, the Court finds these decisions to be less persuasive.